UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

| | |
|---|---|
| DANILO RIGOBERTO BUESO and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| SH 3, LTD d/b/a FARO BLANCO RESORT & YACHT CLUB., SPOTTSWOOD MANAGEMENT, INC, ROBERT A SPOTTSWOOD, | ) ) ) ) ) |
| Defendants. | ) ) ) |

**COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS, CLAIM FOR UNPAID WAGES UNDER F.S. § 448.08, AND CLAIM FOR UNJUST ENRICHMENT**

Plaintiff, ROBERT SARDUY, on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, SH 3, LTD d/b/a FARO BLANCO RESORT & YACHT CLUB., SPOTTSWOOD MANAGEMENT, INC, ROBERT A SPOTTSWOOD and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant SH 3, LTD d/b/a FARO BLANCO RESORT & YACHT CLUB., is a company that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

**1** of **6**

4. The Defendant SPOTTSWOOD MANAGEMENT, INC., is a company that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

5. The individual Defendant ROBERT A SPOTTSWOOD is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

6. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

7. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

9. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such

employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

10. Plaintiff worked for Defendants as a cook from on or about August 15, 2016 through on or about July 11, 2018.

11. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendant affected interstate commerce for the relevant time period. Plaintiff's work for the Defendant affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendant was actually in and/or so closely related to the movement of commerce while he worked for the Defendant that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant.

12. Additionally, Defendant regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

13. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years, 2015, 2016, and 2017.

14. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $250,000 for the first six months of the year 2018 and is expected to exceed $500,000 for the year 2018.

15. Between the period of on or about January 10, 2017 through on or about June 10, 2018, Plaintiff

worked an average of 70 hours a week for Defendant and was paid an average of $20.19 but was not paid for hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate for each hour worked above 40 in a week.

16. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT II. UNPAID WAGES

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-16 above and further states:

17. This Court has jurisdiction for Plaintiff unpaid wage claim as this is a claim for unpaid wages pursuant to Fla. Stat. § 448.08.

18. Between the period of on or about August 15, 2016 through on or about July 11, 2018, pursuant to the terms of Plaintiff's employment, the Plaintiff was allotted paid leave to him during each

calendar year of employment (i.e., PTO), and as the time accrued Plaintiff could use same at his leisure.

19. Despite and notwithstanding same, Defendants denied all Plaintiff's requests to use his PTO/vacation time from 2016 through 2018, totaling 208.50 hours of unused PTO/vacation time at a rate of $17.00 per hour, as reflected on Plaintiff's pay stubs.

20. As a direct proximate result of Defendants action, plaintiff has suffered damages.

21. Plaintiff therefore brings a claim pursuant to Florida Statute § 448.08 for said unpaid wages for which Plaintiff was not paid 208.50 hours of unused PTO/vacation time at a rate of $17.00 per hour.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to Florida Statute § 448.08 as cited above, to be proven at the time of trial for all wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by Florida Statute § 448.08 along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT III. UNJUST ENRICHMENT

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-21 above and further states:

22. Plaintiff seek this claim in equity based on such facts, should it be determined he cannot recover at law under Counts II, herein.

23. Due to the aforesaid facts, the Plaintiff has conferred a benefit upon the Defendants. The Defendants have knowledge of the benefit conferred and continue to retain that benefit undeservedly.  Defendants voluntarily accepted and retained such benefit, because Plaintiff

worked for Defendants, Defendants permitted Plaintiff to work for them, because Defendants chose to maximize their staff.

24. It would be inequitable and unjust for Defendants to continue to retain the benefit, as Plaintiff conferred a benefit on Defendants which Defendants were legally responsible to pay for.

Wherefore, Plaintiff requests all damages as allowed by law and reasonable attorney fees from the Defendants, jointly and severally, pursuant to unjust enrichment, demands judgment be entered in favor of Plaintiff against Defendants, jointly and severally, for damages along with fees, costs, interest, and any other relief that this Court finds just and reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:__/s/ J.H. Zidell_____
        J.H. Zidell, Esq.
     Florida Bar Number: 0010121