UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:18-cv-23017-RNS

DANILO RIGOBERTO BUESO,

    Plaintiff,

vs.

SH 3, LTD d/b/a FARO BLANCO RESORT
& YACHT CLUB,
SPOTTSWOOD MANAGEMENT, INC.,
ROBERT A. SPOTTSWOOD,

    Defendants.

_____/

**DEFENDANT FARO BLANCO'S AND DEFENDANT SMI'S
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants, SH 3, LTD d/b/a FARO BLANCO RESORT & YACHT CLUB ("Faro Blanco") and SPOTTSWOOD MANAGEMENT, INC. ("SMI") (collectively, "Defendants") by and through their undersigned counsel, hereby file their Answer and Defenses to the Complaint filed by Plaintiff, Danilo Rigoberto Bueso ("Bueso"). The numbered paragraphs below correspond to the numbered allegations in the Complaint:

1. Admitted that this action states claims under the Fair Labor Standards Act (the "FLSA"). Specifically denied that Defendants have violated the FLSA or any other law, or that Bueso is entitled to any of the relief he seeks, whether on behalf of himself or of other allegedly "similarly situated individuals."

2. Without knowledge as to the allegations in paragraph 2 of the Complaint, and therefore denied.

3. Denied.

4. Admitted that SMI was Bueso's employer from in or around August of 2016 to July of 2018. The remaining allegations in paragraph 4 of the Complaint are denied.

5. Admitted that Robert A. Spottswood ("Spottswood") has an indirect ownership interest in Faro Blanco and is the President of SMI. The remaining allegations in paragraph 5 of the Complaint are denied.

6. Denied.

### COUNT I:  FEDERAL OVERTIME WAGE VIOLATION

7. Admitted that Bueso attempts to bring a collective action on behalf of himself and other allegedly similarly situated individuals. The remaining allegations in paragraph 7 of the Complaint are denied. Specifically denied that any other individuals are similarly situated to Bueso with respect to the allegations in his Complaint, and, as a result, denied that collective action treatment is appropriate.

8. Admitted that this Court has federal question jurisdiction over this matter as brought. The remaining allegations in paragraph 8 of the Complaint are denied

9. The language of the FLSA speaks for itself and thus no response is required to paragraph 9 of the Complaint. To the extent a response is required, the allegations are denied.

10. Denied.

11. Paragraph 11 of the Complaint includes allegations about a "Defendant" in this action but does not clarify which of the three Defendants the allegations relate to or concern. Thus, Defendants are unable to respond. To the extent a response is required, the allegations are denied.

12. Paragraph 12 of the Complaint includes allegations about a "Defendant" in this action but does not clarify which of the three Defendants the allegations relate to or concern. Thus, Defendants are unable to respond. To the extent a response is required, the allegations are denied.

13. Paragraph 13 of the Complaint includes allegations about a "Defendant" Corporation in this action but does not clarify which of the two Corporate Defendants the allegations relate to or concern. Thus, Defendants are unable to respond. To the extent a response is required, the allegations are denied.

14. Paragraph 14 of the Complaint includes allegations about a "Defendant" Corporation in this action but does not clarify which of the two Corporate Defendants the allegations relate to or concern. Thus, Defendants are unable to respond. To the extent a response is required, the allegations are denied.

15. Denied.

16. Denied.

Denied that Bueso is entitled to any and all relief sought in the WHEREFORE clause following paragraph 16 of the Complaint. Defendants acknowledge Bueso's demand for a trial by jury and rely on that demand only to the extent that he is entitled to a jury trial on the causes of action set forth in the Complaint.

## COUNT II:  UNPAID WAGES

Defendants reassert and incorporate their responses to paragraphs 1-6 of the Complaint, as if fully stated herein.

17. Denied. Specifically denied that Fla. Stat. § 448.08 gives rise to an independent cause of action for unpaid wages.

18. Admitted that Bueso accrued PTO during his employment with SMI. The remaining allegations in paragraph 18 of the Complaint are denied.

19. Denied.

20. Denied.

21.     Admitted that Bueso attempts to bring a claim for unpaid wages pursuant to Fla. Stat. § 448.08.  The remaining allegations in paragraph 21 of the Complaint are denied.  Specifically denied that Fla. Stat. § 448.08 gives rise to an independent cause of action for unpaid wages or that Bueso is entitled to any amount of allegedly unpaid wages from any Defendant.

Denied that Bueso is entitled to any and all relief sought in the WHEREFORE clause following paragraph 21 of the Complaint.  Defendants acknowledge Bueso's demand for a trial by jury and rely on that demand only to the extent that he is entitled to a jury trial on the causes of action set forth in the Complaint.

## COUNT III:  UNJUST ENRICHMENT

Defendants reassert and incorporate their responses to paragraphs 1-6 of the Complaint, as if fully stated herein.

22.     Admitted that Bueso "seeks this claim in equity."  The remaining allegations in paragraph 22 of the Complaint are denied.  Specifically denied that Bueso is entitled to any relief from any Defendant in this action.

23.     Admitted that by virtue of Bueso's employment with SMI, Bueso conferred a benefit on SMI, which SMI accepted.  The remaining allegations in paragraph 23 of the Complaint are denied.  Specifically denied that SMI retained any such benefit "undeservedly."  Further Denied that SMI failed to properly or fully compensate Bueso for any services provided or benefit conferred.

24.     Denied.

Denied that Bueso is entitled to any and all relief sought in the WHEREFORE clause following paragraph 24 of the Complaint.  Defendants acknowledge Bueso's demand for a trial by

jury and rely on that demand only to the extent that he is entitled to a jury trial on the causes of action set forth in the Complaint.

**DEFENSES AND AFFIRMATIVE DEFENSES**

Without conceding that they bear the burden of proof as to any issue, Defendants assert the following defenses and affirmative defenses to Bueso's Complaint:

**First Defense**

Bueso's Complaint fails to state facts sufficient to state a claim upon which relief may be granted.

**Second Defense**

At certain times relevant to Bueso's Complaint, he was properly classified as an employee exempt from the FLSA's overtime provisions.

**Third Defense**

Without admitting that any violations of the FLSA have occurred, the *de minimis* rule applies to any such violations.

**Fourth Defense**

Without admitting any liability or wrongdoing, Defendants state that, at all times, they acted or failed to act in good faith and upon reliance upon all applicable statutes, administrative regulations, orders, rulings, and agency interpretations and, as a result, had reasonable grounds to believe that their action or failures to act did not violate the FLSA or any other law.

**Fifth Defense**

Without admitting any liability or wrongdoing, Defendants' actions were not willful violations of the FLSA.

**Sixth Defense**

Bueso's claims are barred in whole or in part because some or all work performed was completely voluntary in nature and without Defendants' knowledge or authorization, was contrary to express instructions, was not required as a term or condition of his continued employment, and/or did not constitute compensable working time under the FLSA.

**Seventh Defense**

Defendants are entitled to a credit against any overtime owed (if any) to Bueso for any amounts permitted under federal or state law to be credited toward an employer's overtime liability, including, but not limited to, those set forth in Section 7(h) of the FLSA, 29 U.S.C. § 207(h).

**Eighth Defense**

The damages incurred by Bueso must be reduced or eliminated by any setoffs and credits for: (1) all overpayments of compensation to Bueso; (2) sums which Bueso received during the course of employment with SMI for reasons other than for work performed for SMI or any other Defendant; and (3) all other amounts that may lawfully be deducted from any amount awarded to Bueso under the FLSA.

**Ninth Defense**

Defendants have properly and fully paid Bueso all monies to which he is entitled.

**Tenth Defense**

Some or all of Bueso's claims are barred by the doctrine of accord and satisfaction.

### Eleventh Defense

Without admitting that Bueso is entitled to any amount from any Defendant, to that extent that he is, Bueso has failed and/or refused to mitigate his damages and, as a result, such entitlement must be reduced accordingly.

### Twelfth Defense

Some or all of the Bueso's claims are barred by the doctrine of laches, waiver, fraud, payment, ratification, estoppel, and/or unclean hands.

### Thirteenth Defense

A class or collective action is inappropriate because Bueso is not similarly situated to any other individual.

### Fourteenth Defense

Collective action is inappropriate for the claims brought by Bueso due to the individualized nature of Bueso's claims and factual circumstances.

### Reservation of Rights

Defendants reserve the right to assert any and all additional defenses as may be determined necessary during the course of discovery and to seek attorneys' fees and costs under any applicable statute.

**WHEREFORE,** Defendants request that this Court: (a) grant judgment in their favor and against Bueso; (b) award Defendants their taxable costs incurred in connection with the instant action; and (c) grant such other and further relief as it deems just and proper.

Dated:  September 4, 2018

Respectfully submitted,

*s/James W. Seegers*
Florida Bar No.:  0122531
Primary E-mail: jseegers@bakerlaw.com
Secondary E-mail: dmanser@bakerlaw.com
Mary Caroline Miller, Esq.
Florida Bar No. 0125712
Primary E-mail: mcmiller@bakerlaw.com
Secondary E-mail: jnenstiel@bakerlaw.com
BAKER & HOSTETLER LLP
SunTrust Center, Suite 2300
200 S. Orange Ave.
Orlando, Florida  32801
Telephone:  (407) 649-4000
Facsimile:  (407) 841-0168

***Attorneys for Defendant Faro Blanco and Defendant SMI***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 4, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to:

J.H. Zidell, Esq,
zabogado@aol.com
J.H. ZIDELL, P.A.
300 71ST Street, Suite 605
Miami Beach, Florida 33141

***Attorney for Plaintiff Bueso***

*s/James W. Seegers*
James W. Seegers

8