UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:18-cv-23017-RNS

**DANILO RIGOBERTO BUESO,**

    **Plaintiff,**

vs.

**SH 3, LTD d/b/a FARO BLANCO RESORT
& YACHT CLUB,
SPOTTSWOOD MANAGEMENT, INC.,
ROBERT A. SPOTTSWOOD,**

    **Defendants.**

_____/

## DEFENDANT ROBERT A. SPOTTSWOOD'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM FOR RELIEF

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant, ROBERT A. SPOTTSWOOD ("Spottswood") by and through his undersigned counsel, hereby moves this Court to dismiss the Complaint filed by Plaintiff, DANILO RIGOBERTO BUESO ("Bueso"), for failure to state a claim upon which relief can be granted.  For the reasons set forth below, the Motion should be granted.

## PRELIMINARY STATEMENT

Bueso is a former employee of Spottswood Management Company ("SMI"), a management company that manages the Faro Blanco Resort & Yacht Club ("Faro Blanco") in Marathon, Florida.  During his employment with SMI, Bueso worked as a line cook and sous chef at Faro Blanco.  In his Complaint, Bueso brings three claims against SMI, Faro Blanco, and Spottswood in his individual capacity.  First, he alleges that from January 2017 to June 2018, Defendants did not pay him overtime in violation of the FLSA (Count I).  Second, he alleges that

Defendants failed to pay him for 2018.50 accrued but unused hours of paid-time-off ("PTO") (Count II). Finally, Bueso claims that Defendants unjustly retained benefits Bueso conferred upon them by virtue of his employment (Count III).

As an initial matter, Spottswood denies the allegations in Bueso's Complaint and, more specifically, denies that he or any other defendant in this action owes Bueso any monies in connection with his employment. The merits of these substantive arguments aside, however, Bueso has nonetheless failed to sufficiently state a claim for relief against Spottswood. Although Bueso attempts to argue that Spottswood should be liable for the alleged misconduct described in the Complaint, he has alleged absolutely *no* facts in support of individual liability. To this end, only one of the twenty-four paragraphs in Bueso's Complaint specifically references Spottswood, claiming that he "is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant…and was responsible for paying Plaintiff's wages…an controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203(d)." Complaint, ¶ 5. Aside from these cursory allegations, Bueso makes no further allegations regarding Spottswood or Spottswood's connection to his employment with SMI.

Based on this singular allegation, Bueso contends that Spottswood is Bueso's employer under the FLSA and is individually liable to him for failing to properly pay Bueso overtime wages, for failing to pay Bueso certain accrued but unused PTO, and for unjustly accepting a benefit from Bueso without paying the value thereof. In reality, however, Bueso's limited allegations amount to nothing more than a conclusory recital of the elements of Bueso's various causes of action. Such labels and conclusions, without any underlying facts in support, simply

cannot form the basis of an adequate and plausible claim for relief. As a result, Spottswood respectfully requests that this Court dismiss Bueso's Complaint against him in its entirety.

## MEMORANDUM OF LAW

A.  **Applicable Legal Standards**

    1.  **To Survive A Motion To Dismiss For Failure To State A Claim, A Plaintiff Must Plead More Than Mere Labels And Conclusions.**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. *N. Brevard Hosp. Dist. v. McKesson Techs., Inc.*, No. 616CV637ORL40DCI, 2017 WL 951672, at *2 (M.D. Fla. Mar. 10, 2017). A complaint is legally sufficient if it complies with Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In order to survive a motion to dismiss for failure to sufficiently state a claim, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff alleges sufficient facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545. To this end, while the court must accept as true all of the factual allegations in a complaint when considering a motion to dismiss under Rule 12(b)(6), unwarranted inferences, unreasonable arguments, and legal conclusions couched as factual allegations are given no consideration. *Bernath v. Seavey*, No. 2:15-CV-358-FTM-99CM, 2016 WL 5719283, at *2 (M.D. Fla. Sept. 30, 2016).

>    2.    **Individuals Must Actively Exercise Significant Control Over A Company And Its Employees In Order To Be Held Individually Liable As An "Employer" Under The FLSA.**

The Eleventh Circuit recognizes that the FLSA imposes "at least some" individual liability upon those individuals who "control a corporation's financial affairs and cause the corporation to compensate (or not compensate) individuals in accordance with the FLSA." *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1313 (11th Cir. 2013) (internal quotations and citation omitted). In determining whether an individual is an employer under the FLSA, the Eleventh Circuit conducts a similar analysis to that used when determining an entity's status as a potential employer. Specifically, the court looks to the "economic realities" of the relationship between the individual plaintiff and the putative individual employer by considering whether the individual: (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *Villareal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997). Whether an individual is an employer within the meaning of the FLSA "does not depend on technical or isolated factors but rather on the circumstances of the whole activity." *Alvarez Perez v. Sanford–Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008) (internal quotations and citations omitted).

To support a finding of individual liability, the putative individual employer must exercise control over "significant aspects of [the company's] day-to-day functions, including compensation of employees or other matters in relation to an employee." *Id.* While this control need not be continuous, it must be both substantial and related to the company's FLSA obligations. *Lamonica*, 711 F.3d at 1314. Moreover, this inquiry is not focused on how much control an individual *could* hypothetically utilize, but is instead concerned solely with how much

4

control the individual *actually* utilizes over a specific plaintiff. For example, in *Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir.1986), the Eleventh Circuit held that the individual defendant (who was the president, a director, and a principal stockholder of the employing corporation) was not an employer under the FLSA because he had chosen not to become personally involved in the day-to-day operations of the employing corporation – even though he *could* have chosen to take a more active role.

A recent case from the Middle District of Florida, *Rubio v. Fuji Sushi & Teppani, Inc.*, is particularly instructive on the issue of individual liability under the FLSA. No. 6:11-CV-1753-ORL-37, 2013 WL 230216 (M.D. Fla. Jan. 22, 2013). In *Rubio*, the plaintiffs sued their employing restaurant, along with the individual president and vice president of the restaurant corporation, under the FLSA. This Court ultimately found that one of the individual defendants sued was the plaintiffs' employer, whereas the other was not:

> Plaintiffs contend that Defendants Nabani Howlander and Wahidur Kahn are individually liable for any FLSA violations committed at Fuji. The Court finds that Howlander had sufficient control over the terms and conditions of employment at Fuji to be held individually liable. He was the President of Fuji. Howlander testified that he was responsible for all of the operations at Fuji; some individuals assisted him, but he was "responsible for everything." He hired and fired employees, personally terminated Plaintiff Charlette Rubio's employment, trained employees, controlled employee work schedules, worked with Fuji's accountant who dealt with payroll issues, kept pay records, and was responsible for making sure that all employees received minimum wage. Thus, the record is clear that Howlander took an active role in the day-to-day operation of the restaurant. Defendants do not controvert Howlander's control over Fuji's operation and do not raise any factual dispute on this issue. Accordingly, Plaintiffs are entitled to summary judgment on this issue. Howlander is jointly and severally liable for any FLSA violations committed by Fuji.
>
> However, Plaintiffs have not shown on the current record that Kahn is individually liable under the FLSA. Kahn's responsibilities do not rise to the same level of control exhibited by Howlander. He could not hire or fire employees on his own, nor could he schedule employees' work shifts. The current record does not support that Kahn is an "employer" within the

5

> meaning of the FLSA. As such, summary judgment is precluded on this issue.

*Id.* at *1 (internal citations omitted). As *Rubio* makes clear, plaintiffs must plead – and ultimately prove – significant and specific acts of control in order to demonstrate that individual defendants are liable for violations of the FLSA.

**B.      Count I of the Complaint Must Be Dismissed Because Bueso Has Failed to Sufficiently Plead that Spottswood Was His "Employer" Under the FLSA.**

Under this legal framework, district courts throughout the Eleventh Circuit routinely dismiss claims brought against individual defendants under the FLSA. For example, in *Davison v. Dos Amigos Taqueria LLC*, this Court dismissed plaintiffs' FLSA claims against an individual defendant because "[p]laintiffs' allegations regarding [the individual defendant's] role as Plaintiff's employer [were] too vague… to establish employer liability." No. 12-62514-CIV, 2013 WL 12131317, at *2 (S.D. Fla. June 21, 2013). In that case, the plaintiffs' sole allegations regarding the individual defendant were as follows:

> Defendant, REECE DARHAM, is a resident of Broward County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, DOS AMIGOS TAQUERIA LLC D/B/A PINCHE TAQUERIA, said Defendant acted and acts directly in the interests of Defendant, DOS AMIGOS TAQUERIA LLC D/B/A PINCHE TAQUERIA, in relation to said co-Defendant's employees. Defendant effectively dominates DOS AMIGOS TAQUERIA LLC D/B/A PINCHE TAQUERIA, administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, REECE DARHAM was and is an "employer" of Plaintiffs within the meaning of 29 U.S.C. § 203(d).

*Id.* The court considered these allegations – which are strikingly similar to those Bueso has made against Spottswood in the instant action – a "mere recitation of the statutory language." *Id; see also Hernandez v. Anderson*, No. 5:14-CV-577-OC-39PRL, 2015 WL 3514483, at *4–5 (M.D. Fla. June 4, 2015) (dismissing complaint against individual defendant when plaintiff alleged only that individual was "an employer as defined by the FLSA" and "fail[ed] to allege

6

anything more that would allow the Court to even engage in the economic realities test, much less determine whether it is an employee under the FLSA"); *Crotts v. Universal Structures, Inc.*, No. 8:08-CV-875-T-30MAP, 2008 WL 2953044, at *1 (M.D. Fla. July 29, 2008) (dismissing claim of individual liability where plaintiff simply alleged that individual defendant was "owner of Defendant Universal Structures, Inc. and ha[d] acted directly or indirectly in the interest of Universal Structures, Inc. in relation to Plaintiff" and failed to allege specific examples of how individual defendant directed day-to-day operations, set employee schedules, hired or fired employees, determined compensation, or possessed any operational control of business activities).

Courts also make clear that allegations regarding an individual's title or ownership interest are insufficient to give rise to a sufficient pleading of individual liability. For example, in *Levi Chicoine v. Gulliver's Tavern Inc.*, the District of Rhode Island dismissed a putative class action for failure to state a claim against several individual defendants when "the only allegation Plaintiffs attribute[d] directly to the [individual defendants] [was] that they [were] 'the owners, operators, and managing partners of the [defendant entity].'" No. CV 15-216 S, 2016 WL 552469, at *3 (D.R.I. Feb. 10, 2016). The court continued:

> The Amended Complaint is silent on the type of authority the Tsoumases exercised over the business, the control they exercised over Plaintiffs, and the role they played in crafting the policies or in the conduct that allegedly violated the FLSA… While Plaintiffs have pled the Tsoumases' ownership interest in the Club – a factor courts consider in an individual liability analysis – …[this] is not a dispositive factor.

*Id.*; s*ee also Phillips v. Carpet Direct Corp.*, No. 16-CV-02438-MEH, 2017 WL 121630, at *9 (D. Colo. Jan. 10, 2017) ("The Court concludes Phillips' allegations are conclusory and insufficient to state a claim for individual liability under the FLSA. Essentially, the allegations reveal only the individual Defendants' titles [owners and directors] at CDC and from such titles,

7

Phillips asks the Defendants and the Court to assume they constitute 'employers' under the FLSA.").

While some complaints alleging individual liability under the FLSA do survive motions to dismiss brought under Rule 12(b)(6), these complaints necessarily include specific allegations regarding the type of significant control the individual defendants *actually* exercised in practice over the suing plaintiffs. *See Morales v. Rochdale Vill. Inc.*, No. 15 CV 502 RJD RML, 2015 WL 6442590, at *5 (E.D.N.Y. Oct. 23, 2015) (denying motion to dismiss when plaintiffs had alleged specific examples of instances in which individual defendants actually exercised authority over "wage policies, employee work schedules, rate of pay, record-keeping practices, and day-to-day labor operations"); *Rodolph v. Law Offices of Maria Corvaia O'Donnell, P.A.*, No. 14-62550-CIV, 2015 WL 12857352, at *2 (S.D. Fla. Jan. 22, 2015) (explaining that facts presented "a close call" but ultimately denying motion to dismiss because plaintiff had specifically alleged that individual defendant set her work schedule and determined her pay rate); *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1381 (S.D. Fla. 2012) (denying motion to dismiss when plaintiffs had specifically alleged that individual defendants performed acts of hiring and firing, set work schedules, and controlled operations and finances of corporate defendant); *Schaeffer v. Bob Wilson Dodge, Inc.*, No. 8:08-CV-1130-T-23MAP, 2008 WL 4327355, at *1 (M.D. Fla. Sept. 17, 2008) (denying motion to dismiss because plaintiff had specifically alleged that individual defendant supervised her work).

In this case, Bueso makes two limited allegations regarding Spottswood. First, Bueso alleges that Spottswood was his "employer" as defined in 29 U.S.C. § 203(d), as he allegedly "was responsible for paying Plaintiff's wages…and controlled Plaintiff's work schedule." Complaint, ¶ 5. These allegations, however, are nothing more than "formulaic recitations" of the

elements of Bueso's FLSA claim and are precisely the type of "labels and conclusions" insufficient to form the basis of a plausible claim for relief. *See Twombly*, 550 U.S. at 545. Second, Bueso alleges that Spottswood is "a corporate officer and/or owner and/or manager of the Defendant Coroporation." Complaint, ¶ 5. But, as the case law cited above demonstrates, allegations merely listing an individual defendant's title or within or ownership of a defendant organization are alone insufficient to establish individual liability under the FLSA. *Lamonica*, 711 F.3d at 1310 (explaining that titles do not establish or preclude liability under the FLSA); *Chicoine*, 2016 WL 552469, at *3 (explaining that one's ownership interest, and the conclusory allegation that having such ownership interest gives him or her financial control over an organization's classification and pay practices, is equally insufficient to establish individual liability under the FLSA).

Throughout his Complaint, Bueso makes no other specific allegations regarding Spottswood. This in mind, not only has Bueso failed to sufficiently allege that Spottswood had significant operational control over SMI or Faro Blanco's operations or Bueso's individual work conditions, he has not even *attempted* to allege that Spottswood ever actually *exercised* any alleged control – a critical element of establishing individual liability under the FLSA. To the contrary, Bueso's threadbare and conclusory allegations are simply insufficient to establish that Spottswood was his employer and, as a result, Count I (seeking unpaid overtime wages under the FLSA) of the Complaint must be dismissed for failure to state a claim against Spottswood upon which relief can be granted.

**C.    Count II Of The Complaint Must Be Dismissed Because Section 448.08 Does Not Create An Independent Entitlement To "Unpaid Wages."**

In addition to his claims under the FLSA, Bueso also brings a claim against Spottswood for "unpaid wages" under Section 448.08 of the Florida Statutes (Count II). More specifically,

9

Bueso argues that, pursuant to Section 448.08, Spottswood is liable in his individual capacity for failing to pay him 2018.50 accrued but unused PTO hours.  Complaint, ¶¶ 17-21  However, such allegations simply do not give rise to a cause of action under Section 448.08.

Pursuant to Section 448.08, "[t]he court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee."  Fla. Stat. Ann. § 448.08.  Importantly, Section 448.08 "does not create or otherwise provide for a cause of action for back wages; it relates instead to payment of attorneys' fees to a prevailing party in an action for back wages."  *Short v. Bryn Alan Studios, Inc.*, No. 8:08-cv-145-T-30TGW, 2008 WL 2222319, at *3 (M.D. Fla. May 28, 2008); *see also* Edwards v. Niles Sales & Serv., Inc. 439 F. Supp. 2d 1202, 1208 n.6 (S.D. Fla. 2006).  In this case, Bueso has plead no independent cause of action giving rise to his claim for unpaid PTO.  This absence in mind, Bueso's Section 448.08 claim does not, by itself, state a cause of action for unpaid wages and, as a result, must be dismissed for failure to state a claim.

Moreover, to the extent that Section 448.08 does give rise to an independent claim for unpaid wages, which Spottswood maintains it does not, Bueso has pled no facts sufficient to give rise to a claim for such unpaid wages against Spottswood in his individual capacity.  More specifically, Bueso does not claim that Spottswood played any role in determining Bueso's PTO accrual, approving or denying his requests to take PTO during his employment, or failing to pay him for unused PTO when his employment came to an end.  Without such individualized allegations regarding Spottswood's alleged involvement, Count II of Bueso's Complaint must be dismissed for failure to state a claim against Spottswood.

D. **Count III Of The Complaint Must Be Dismissed Because Bueso Has Failed To Plead Allegations Sufficient To Give Rise To Individual Liability For His Claim Of Unjust Enrichment.**

Finally, Bueso also brings a claim against Spottswood for unjust enrichment (Count III). The essential elements of an action for unjust enrichment are a benefit conferred upon the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance and retention of such benefit by the defendant under such circumstances that it would be inequitable for him to retain it without paying the value thereof." *Henry M. Butler, Inc. v. Trizec Properties, Inc.*, 524 So. 2d 710, 712 (Fla. Dist. Ct. App. 1988). Bueso claims that Spottswood "voluntarily" accepted benefits conferred upon him by Bueso under circumstances that would make it "inequitable" for Spottswood to retain the benefit of such services. Complaint, ¶¶ 22-24. Again, these allegations are nothing more than a recital of the causes of action's elements. Additionally, at no point does Bueso allege that he conferred *any* benefit on Spottswood in his capacity as individual or as an executive of SMI or Faro Blanco. Even if Bueso had conferred a benefit on SMI or Faro Blanco – which Spottswood denies– such a conferral does not automatically mean that Bueso also conferred a benefit on Spottswood. As a result, Bueso has failed to adequately plead that Spottswood was unjustly enriched, and Count III of his Complaint must therefore be dismissed. *Phillips*, 2017 WL 121630, at *10 (dismissing unjust enrichment claim against individual defendants when complaint failed to alleged individual defendants received any specific benefit from plaintiffs).

## CONCLUSION

In his Complaint, Bueso does not state an adequate claim for any type of relief against Spottswood. More specifically, Bueso does not allege that Spottswood actually exercised any identifiable control over his employment. Similarly, Bueso does not allege that Spottswood

made any identifiable decision regarding any Bueso's work schedule or compensation. In fact, Bueso does not allege that Spottswood made any statement to, interacted with, or influenced Bueso in any way. In sum, Bueso has failed to make *any* specific, meaningful allegation regarding Spotswood's connection to his employment – let alone allegations sufficient to state a claim for individual liability under the FLSA, Section 448.08, or under a common law theory of unjust enrichment. For the foregoing reasons, Spottswood respectfully requests that this Court grant his Motion to Dismiss and dismiss Bueso's Complaint against him in its entirety.

Dated: September 4, 2018

Respectfully submitted,

s/James W. Seegers
Florida Bar No.: 0122531
jseegers@bakerlaw.com
Mary Caroline Miller, Esq.
Florida Bar No. 0125712
mcmiller@bakerlaw.com
**BAKER & HOSTETLER LLP**
SunTrust Center, Suite 2300
200 S. Orange Ave.
Orlando, Florida 32801
Telephone: (407) 649-4000
Facsimile: (407) 841-0168
***Attorneys for Defendant Robert A. Spottswood***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 4, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to:

J.H. Zidell, Esq.
zabogado@aol.com
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
***Attorney for Plaintiff***

                *s/James W. Seegers*
                James W. Seegers