UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  1:18-cv-23017-RNS

DANILO RIGOBERTO BUESO,

    Plaintiff,

vs.

SH 3, LTD d/b/a FARO BLANCO RESORT
& YACHT CLUB,
SPOTTSWOOD MANAGEMENT, INC.,
ROBERT A. SPOTTSWOOD,

    Defendants.

_____/

**DEFENDANT ROBERT A. SPOTTSWOOD'S REPLY
IN SUPPORT OF HIS MOTION TO DISMISS**

Pursuant to Local Rule 7(c), Defendant, ROBERT A. SPOTTSWOOD ("Spottswood") by and through his undersigned counsel, files his Reply in Support of his Motion to Dismiss the Complaint filed by Plaintiff, DANILO RIGOBERTO BUESO ("Bueso").  For the reasons set forth below, as well as those articulated in Spottswood's Motion to Dismiss (Doc. 11), Spottswood respectfully moves this Court for an order dismissing Bueso's Complaint against him in its entirety.

**MEMORANDUM OF LAW**

**A.**    **Bueso Has Not Adequately Pled That Spottswood Is Individually Liable For His FLSA Claim Under The Economic Realities Test.**

In his Response in Opposition to Defendant's Motion to Dismiss ("Response in Opposition") (Doc. 13), Bueso attempts to downplay the significant impact of the Supreme Court's decisions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556

U.S. 662 (2009), by focusing on the relative complexity of anti-trust laws, such as those at issue in *Twombly* and *Iqbal*, and cases, like his own, arising under the Fair Labor Standards Act (the "FLSA"). *See* Response in Opposition, pgs. 4-7. The relative simplicity of Bueso's FLSA claim, however, does not relieve him of his burden to plead "more than labels and conclusions," *Twombly*, 550 U.S. at 545, and demonstrate with particularity that "(1) *he is employed by the defendant*, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay him minimum or overtime wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012) (emphasis added) (upholding motion to dismiss based on plaintiff's failure to adequately allege employment relationship under economic realities test). To this end, Bueso must do more than simply provide Spottswood with "fair notice" of his claims; he must also adequately plead factual allegations that, if true, would be sufficient to establish a claim for relief against Spottswood under the FLSA. *Twombly*, 550 U.S. at 545. He has not done so.

In determining whether plaintiffs have alleged facts sufficient to plead the first element of an FLSA claim against an individual defendant – namely, that they were actually employed by the defendant – courts look to the so-called economic realities test. *See* Motion to Dismiss, pgs. 4-6; *see also Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 841 F. Supp. 2d 1274, 1278 (S.D. Fla.), *aff'd*, 494 F. App'x 940 (11th Cir. 2012). Under the economic realities test, in order to adequately state a claim for relief against an individual defendant like Spottswood, a plaintiff must allege facts sufficient to demonstrate that the putative individual employer exercised, in practice and not hypothetically, control over "significant aspects of [the company's] day-to-day functions, including compensation of employees or other matters in relation to [the

plaintiff] employee." *Alvarez Perez v. Sanford–Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008) (internal quotations and citations omitted).

While Bueso acknowledges the economic realities test and its relation to his allegations against Spottswood, he claims that "an analysis of said factors…requires that the Parties engage in discovery and requires that the Court perform an analysis outside the four corners of the Complaint." Response in Opposition, pg. 11. This is simply not the case. The Eleventh Circuit has squarely held that application of the economic realities test is appropriate while reviewing a motion to dismiss. *See Freeman*, 494 F. App'x at 943 ("In this case, Freeman first contends that the district court erroneously applied the economic reality test to his complaint and argues that this test only applies at the summary judgment stage. Our precedent forecloses this argument."). Moreover, in applying the economic realities test when analyzing a motion to dismiss, a court simply determines whether a plaintiff has made sufficient allegations against an individual defendant to support a plausible finding of liability; courts are not, as Bueso suggests, required to conduct a "fact intensive analysis" to actually *determine* liability. *See* Response in Opposition, pgs. 9-10. Thus, engaging in this analysis at the motion to dismiss stage in the current case will *not* require the Court to consider anything aside from Bueso's own relevant allegations, which, as summarized in Bueso's Response in Opposition, are as follows:

- His allegation in "Paragraph 5 of the initial Complaint…that the individual Defendant was his employer;"

- His "allegations in Paragraph 10…whereby [he] alleges that he worked as a cook and sets forth the period of time he was employed by Defendants, including the individual Defendant;" and

- His allegations in "Paragraph 15 whereby [he] again states the period of time he was employed by Defendants, including the individual Defendant, and the amount of hours he worked and his rate of pay that he received for said work, including Defendants' failure to pay the legally mandated overtime wages."

Response in Opposition, pg. 11.  Fatal to Bueso's FLSA claim, none of these "allegations" are even allegations at all; instead, they are simply "legal conclusions couched as factual allegations" that are insufficient to survive a motion to dismiss.  *See McGee v. JP Morgan Chase Bank, NA*, 520 F. App'x 829, 831 (11th Cir. 2013).  Thus, because Bueso has not adequately pled that Spottswood is individually liable for his FLSA claim under the economic realities test, Count I of his Complaint must be dismissed.

**B.     Bueso Has Not Pled An Adequate Claim For Relief Against Spottswood Under Count II Or Count III, Each Of Which Is Substantively Distinct From His Claim For Unpaid Overtime Wages.**

In response to Spottswood's arguments in favor of dismissal of Counts II and III of his Complaint, Bueso simply argues that "[t]he same facts and jurisdictional arguments are needed for both an overtime claim as well as an unpaid wages/unjust enrichment claim" and that, "by incorporat[ing] by reference [such allegedly similar allegations], [he] has sufficiently plead individual liability in Counts II and III of the Complaint."  Response in Opposition, pgs. 11-12.  More specifically, Bueso argues that "all counts require [him] to allege the period of time he worked for Defendants, what Plaintiff was paid for his work, and the hours he alleges to have worked for Defendants on a weekly basis;" and that, by alleging these "elements" with respect to Count I of his Complaint, he has sufficiently pled the elements of Count II and Count III, respectively.  *Id.*  This argument is incorrect.  Counts I, II, and III of Bueso's Complaint seek recovery under three distinct legal theories.  Count I seeks allegedly unpaid overtime wages under the FLSA.  Count II seeks payment for allegedly accrued but unused paid time off ("PTO").  Finally, Count III seeks damages under an equitable theory of unjust enrichment.  The elements of each of Bueso's three causes of action are not the same, and he must plead the elements of each to survive Spottswood's Motion to Dismiss.

For example, as explained above, in order to state a claim for unpaid overtime wages, a plaintiff must demonstrate that he was employed by an employer, as defined by the FLSA, who failed to pay him overtime wages as required by law. *See generally Freeman*, 494 F. App'x at 942. By contrast, in order to state a claim for entitlement to PTO, a plaintiff must sufficiently demonstrate some legal entitlement to PTO (as neither the FLSA nor any Florida law mandates employers provide their employees with PTO). Notably, Bueso has failed to adequately state a claim for accrued but unused PTO from *any* Defendant in this action, as he brings such claim solely pursuant to Section 448.08 of the Florida Statutes, which provides for an award of attorneys' fees to the prevailing party in an action for unpaid wages but "does not create or otherwise provide for a cause of action for…[any such unpaid] wages." *Short v. Bryn Alan Studios, Inc.*, No. 8:08-cv-145-T-30TGW, 2008 WL 2222319, at *3 (M.D. Fla. May 28, 2008); *see also Edwards v. Niles Sales & Serv., Inc.* 439 F. Supp. 2d 1202, 1208 n.6 (S.D. Fla. 2006). Because Bueso has pled no independent cause of action giving rise to his claim for unpaid PTO, he has failed to state a claim for relief. Regardless, to the extent that Section 448.08 does give rise to an independent claim for unpaid wages, which Spottswood maintains it does not, Bueso has failed to claim that Spottswood played any role in determining Bueso's PTO accrual, approving or denying his requests to take PTO during his employment, or failing to pay him for unused PTO when his employment came to an end. Without such individualized allegations, Bueso has failed to make out an adequate claim against Spottswood for unpaid PTO, and Count II of his Complaint must be dismissed.

Similarly, the elements of Bueso's unjust enrichment claim are also dissimilar to the elements of his unpaid overtime claim. In order to state a claim for unjust enrichment, a plaintiff must adequately allege that he conferred a benefit upon a plaintiff, that the defendant accepted

such benefit, and that the defendant accepted and retained such benefit under circumstances that make it "inequitable for him to retain it without paying the value thereof." *Henry M. Butler, Inc. v. Trizec Properties, Inc.*, 524 So. 2d 710, 712 (Fla. Dist. Ct. App. 1988). While Bueso claims that Spottswood "voluntarily" accepted undefined benefits conferred upon him by Bueso under circumstances that would make it "inequitable" for Spottswood to retain such benefits, these allegations are nothing more than a recital of Count III's elements. *See* Complaint, ¶¶ 22-24; *see also McGee*, 520 F. App'x at 831. At no point does Bueso allege what benefit he allegedly conferred on Spottswood in his individual capacity or provide any specificity regarding why such conferral was allegedly "inequitable." *See Phillips v. Carpet Direct Corp.*, No. 16-cv-02438-MEH, 2017 WL 121630, at *3 (D. Colo. Jan. 10, 2017) (denying motion to dismiss individual defendant as "moot" when complaint "fail[ed] to assert facts necessary to allege a plausible unjust enrichment claim against the individual Defendants"). As was the case with his claim for unpaid PTO, the absence of such individualized allegations regarding Spottswood means that Bueso has failed to make out an adequate claim against Spottswood for unjust enrichment and that Count III of his Complaint must as a result also be dismissed.

## CONCLUSION

For the foregoing reasons, as well as those articulated in his Motion to Dismiss, Spottswood respectfully requests that this Court grant his Motion to Dismiss and dismiss Bueso's Complaint against him in its entirety.

Dated: September 24, 2018

Respectfully submitted,

*s/M.C. Cravatta*
James W. Seegers, Esq.
Florida Bar No.: 0122531
jseegers@bakerlaw.com

6

        Mary Caroline Cravatta, Esq.
Florida Bar No. 0125712
mcmiller@bakerlaw.com
**BAKER & HOSTETLER LLP**
SunTrust Center, Suite 2300
200 S. Orange Avenue
Orlando, Florida  32801
Telephone:  (407) 649-4000
Facsimile:  (407) 841-0168
***Attorneys for Defendant***
***Robert A. Spottswood***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 24, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to:

J.H. Zidell, Esq,
zabogado@aol.com
**J.H. ZIDELL, P.A.**
300 71ST Street, Suite 605
Miami Beach, Florida 33141
*Attorney for Plaintiff*

                                           *s/M.C. Cravatta*
                                           M.C. Cravatta