UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:18-cv-23017-RNS

DANILO RIGOBERTO BUESO,

    Plaintiff,

vs.

SH 3, LTD d/b/a FARO BLANCO RESORT
& YACHT CLUB,
SPOTTSWOOD MANAGEMENT, INC.,
ROBERT A. SPOTTSWOOD,

    Defendants.

_____/

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER CASE TO KEY WEST DIVISION OF SOUTHERN DISTRICT OF FLORIDA**

Pursuant to Local Rule 7.1(c), Defendants, SH 3, LTD d/b/a FARO BLANCO RESORT & YACHT CLUB ("SH 3"); SPOTTSWOOD MANAGEMENT, INC. ("SMI"); and ROBERT A. SPOTTSWOOD ("Spottswood") (collectively, "Defendants"), by and through their undersigned counsel, hereby file their Reply to Plaintiff's Response in Opposition ("Response") (Doc. 21) to Defendants' Motion to Transfer Case to the Key West Division of the Southern District of Florida ("Motion") (Doc. 19).

**MEMORANDUM OF LAW**

**I.  Defendants Bring Their Motion Pursuant To Section 1404, Not Section 1391.**

In his Response, Bueso indicates that "under § 1391(b), Plaintiff has brought suit in the correct venue" and that "Defendants would have a § 1391 argument if, for example, Plaintiff filed the above cause in the Middle District…" Response, pgs. 3, 2.  However, at no point in their Motion do Defendants indicate that venue is *improper* in the Miami Division of the Southern

District under Section 1391.  To this end, Defendants bring their Motion not under Section 1391, which indicates generally where venue is proper, but instead under Section 1404(a), which indicates that courts may "transfer any civil action to any other *division* or district where it might have been brought" "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a) (emphasis added).  Section 1404 applies even in circumstances where the original venue was technically proper under Section 1391 and, by its express language, authorizes the transfer of cases between divisions located within the same judicial district.  In other words, even if venue is proper as brought, a court may still transfer a case to another district or division upon consideration of the Section 1404 factors.

**II.     Upon Consideration Of The Section 1404 Factors, Bueso Has Identified No "Compelling" Reasons To Keep This Action In The Miami Division.**

In his Response, Bueso indicates that "[t]here are compelling reasons to keep the case in this Division…"  Response, pg. 5.  Despite this indication, however, Bueso only points to *one* factor weighing against transfer – the fact that he originally filed this action in the Miami Division.  While a plaintiff's choice of forum is *one* of the *nine* factors courts analyze when determining whether a transfer is proper under Section 1404, this factor is generally given less deference if the plaintiff and/or lawsuit has little connection to the chosen forum.  *See Bartolon-Perez v. Island Granite & Stone, Inc.*, No. 14-CIV-21010, 2014 WL 12513973, at *2 (S.D. Fla. Aug. 25, 2014) (explaining that "less deference is given to the Plaintiffs' chosen venue when the selection is not Plaintiff's home forum" (citing *La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir. 1983)).  Bueso makes no attempt to draw a connection between himself or this lawsuit to the Miami Division – nor can he, as all acts or omissions giving rise to his claims took place in the Key West Division and, at least for the period made relevant by his Complaint (up through and including July 2018), Bueso himself used a Marathon, Florida mailing address.  This in mind, the fact that

Bueso originally chose to bring this action in the Miami Division should receive little deference here.[1]

Bueso does not attempt to address the other Section 1404 factors – (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; and (8) trial efficiency and the interests of justice, based on the totality of the circumstances – perhaps because these factors weigh heavily in favor of transfer. *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). To the contrary, Bueso even appears to stress the importance of relevant witnesses' locations in determining whether venue is appropriate, noting that "all witnesses relating to the hours worked, duties performed and wages paid work in South Florida." Response, pg. 6. Of course, Bueso fails to mention that all such witnesses live and/or work in the *Key West Division* specifically (and that these witnesses are beyond the reach of compulsory process established in Federal Rule of Civil Procedure 45). Upon consideration of this factor, as well as the other Section 1404 factors, the interests of justice warrant transfer of this case to the Key West Division.

## CONCLUSION

Defendants' Motion is not, as Bueso argues, "a baseless attempt to land itself a different Judge at the expense of Plaintiff." Response, pg. 3. To the contrary, Defendants are merely attempting to demonstrate that "a transfer to a more convenient forum is justified" in this case. *Bartolon-Perez*, 2014 WL 12513973, at *2. As explained in Defendants' Motion, Bueso's

---

[1] Defendants are not "blatantly disregarding Plaintiff's choice of forum." Response, pg. 3. Defendants acknowledge Bueso's choice of forum for what it is worth and acknowledge that a plaintiff's choice of forum is in fact one of the nine Section 1404 factors.

3

Complaint has no connection to the Miami Division.  Bueso's Response fails to make or otherwise elucidate such a connection.  As a result, for the reasons articulated more fully in Defendants' Motion, Defendants respectfully request that this Court transfer this case to the Key West Division of the Southern District of Florida, where all Defendants, key witnesses, relevant documents, and possibly Bueso himself are located.

Dated:  October 11, 2018.

Respectfully submitted,

<u>s/James W. Seegers</u>
James W. Seegers, Esq.
Florida Bar No. 122531
Primary E-Mail: jseegers@bakerlaw.com
Secondary E-Mail: dmanser@bakerlaw.com
Mary Caroline Cravatta, Esq.
Florida Bar No. 012571
Primary E-Mail: mcravatta@bakerlaw.com
Secondary E-mail: jnenstiel@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 South Orange Avenue
SunTrust Center, Suite 2300
P.O. Box 112
Orlando, FL  32802-0112
Telephone:  (407) 649-4000
Facsimile:  (407) 841-0168

***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 11, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record for Plaintiff.

*s/James W. Seegers*
James W. Seegers
