UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-23017-Civ-SCOLA/TORRES

DANILO RIGOBERTO BUESO,

    Plaintiff,

v.

SH 3, LTD d/b/a FARO BLANCO RESORT
& YACHT CLUB, SPOTTSWOOD
MANAGEMENT, INC., ROBERT A. SPOTTSWOOD,

    Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER**

This matter is before the Court on SH 3, LTD d/b/a Faro Blanco Resort & Yacht Club's ("SH3"), Spottswood Management, Inc.'s ("SMI"), and Robert A. Spottswood's ("Spottswood") (collectively, ("Defendants") motion to transfer this action to the Key West Division of the Southern District of Florida against Danilo Rigoberto Bueso ("Plaintiff"). On October 9, 2018, Plaintiff timely responded [D.E. 21] to which Defendants replied on October 11, 2018. [D.E. 22]. Therefore, Defendants' motion is now ripe for disposition. After careful consideration of the motion, response, reply, and relevant authority, and for the reasons discussed below, Defendants' motion to transfer is **GRANTED**.

### I.    BACKGROUND

Plaintiff filed this action on July 25, 2018 for Defendants' alleged violations of the overtime and unpaid wage provisions of the Fair Labor Standards Act ("FLSA").

1

Plaintiff worked for Defendants as a cook from August 15, 2016 to July 11, 2018 at the Faro Blanco Resort & Yacht Club ("Hotel") located at 1996 Overseas Highway, Marathon, Florida 33050 in Monroe County.[1]  Between January 10, 2017 and June 10, 2018, Plaintiff alleges that he worked an average of 70 hours a week but was not paid for any hours worked over 40 hours as required under the FLSA.  Plaintiff also claims that Defendants denied Plaintiff's requests to use his vacation time from 2016 through 2018 – totalling 208.50 hours of unused vacation time at a rate of $17.00 per hour, as reflected on Plaintiff's pay stubs.  Finally, Plaintiff alleges that Defendants have been unjustly unenriched.

## II.     APPLICABLE PRINCIPLES AND LAW

Local Rule 3.1 of the Southern District of Florida provides that "actions and proceedings shall be tried in their country of origin."  Civil proceedings "can be held at any Division within this District," and the decision is a discretionary one when deciding to transfer a case within the District. *See Reyes v. JA & M Developing Corp.,* 2012 WL 3562024 (S.D. Fla. Aug. 17, 2012) (citing Local Rule 3.1, S.D. Fla; 28 U.S.C. § 1404(b)).  Courts in our district have looked to 28 U.S.C. § 1404(a) for guidance in transferring cases to different divisions. *See Joseph v. Liberty Nat. Life Ins. Co.,* 2008 WL 2026006 (S.D. Fla. May 9, 2008) (looking to 1404(a) and the nine *Manuel* factors when determining not to transfer venue from the Miami to West Palm Beach Division); *see also Reyes v. JA & M Developing Corp.,* 2012 WL 3562024 (S.D. Fla. Aug. 17, 2012) (looking to 1404(a) and the

---

[1] Monroe County – including Key West and Marathon – is located within the Key West Division of the Southern District of Florida.

2

nine *Manuel* factors when determining not to transfer venue from the Fort Lauderdale to the Miami Division, stating if "venue is proper, a transfer to another district or division may still be available to the parties under 28 U.S.C. § 1404."). When venue is proper, the motion to transfer must be considered under § 1404, not § 1406(a). *See Story v. Purdy*, 2006 WL 2374841, at *4 n. 5 (S.D. Ala. Aug. 16, 2006).

Courts have the discretion to transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other *division* or district where it might have been brought." 28 U.S.C. § 1404(a) (emphasis added). "This section is the statutory codification of the common law doctrine of forum non conveniens." *Thermal Technologies, Inc. v. Dade Serv. Corp.*, 282 F. Supp. 2d 1373, 1375 (S.D. Fla. Aug. 22, 2003). The greater the plaintiff's connection to the forum that he or she has chosen, the more deference the plaintiff's chosen venue will receive. *See id.* However, less deference is given to a plaintiff's chosen venue when the selection is not Plaintiff's home forum. *See La Seguridad v. Transytur Line,* 707 F.2d 1304, 1307 (11th Cir. 1983). Defendants bear the burden of persuading a court that transfer is appropriate and should be granted. *See Factors, Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir. 1978).

"Whether a transfer is appropriate depends on two inquiries: (1) whether the action 'might have been brought' in the proposed transferee court and (2) whether various factors are satisfied so as to determine if a transfer to a more convenient forum is justified." *Del Monte Fresh Produce Co. v. Dole Food Co., Inc.,* 136 F. Supp.

2d 1271, 1281 (S.D. Fla. 2001) (citing *Miot v. Kechijian,* 830 F. Supp. 1460, 1465-66 (S.D. Fla. 1993) (denying a motion to transfer where above test was not met)). Under 28 U.S.C. § 1404(a) the standard for transfer leaves broad discretion to the trial court, and when a judge determines that transfer of venue is justified the ruling is overturned only for a clear abuse of discretion and there is a heavy presumption in favor of the district court judge. *See Del Monte Fresh Produce Co. v. Dole Food Co., Inc.,* 136 F. Supp. 2d 1271, 1281 (S.D. Fla. 2001) (*citing Brown v. Connecticut Gen. Life Ins. Co.,* 934 F.2d 1193, 1197 (11th Cir. 1991)).

The court considers the following factors when determining whether to transfer a case pursuant to section 1404(a):

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.,* 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

### III.   ANALYSIS

Defendants' motion seeks to transfer this case to the Key West Division of the Southern District of Florida because none of the events giving rise to this action took place in Miami-Dade County. Defendants argue, for example, that Plaintiff's employment, the potential witnesses, and relevant documents are all located in Monroe County. And while Defendants are without knowledge as to Plaintiff's current residence, Defendants believe that he also resides in the Key West Division

4

because he used a Marathon mailing address during his employment. Because all Defendants reside in Monroe County or otherwise have their principal place of business in the Key West Division, Defendants conclude that this case should be transferred under § 1404.

Plaintiff's response is that, under § 1391(b), he filed this lawsuit in the correct forum and that Defendants would only have a persuasive argument for transfer if Plaintiff had filed this case in the Middle District of Florida. Plaintiff also asserts that there are compelling reasons to keep this case in the Miami Division of the Southern District of Florida because he chose this forum when he filed his complaint. In other words, Plaintiff suggests that this is the correct venue and that his decision should not be disturbed. Because litigating this case in the Miami Division will not constitute an undue burden for Defendants, Plaintiff concludes that this case should remain in the current forum.

### A.  *Plaintiff Could Have Originally Filed this Case in Key West*

The first inquiry under section 1404(a) is to determine whether this case could have been filed in Key West. *See Tommy Bahama Group, Inc. v. The Walking Co.,* 2007 WL 3156254, at *2 (N.D. Ga. Oct. 18, 2007). This entails analyzing whether the proposed transferee court (1) has subject matter jurisdiction, (2) venue is proper, and (3) that the Defendants are amenable to process in that court. *See Windmere Corp. v. Remington Prods., Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985). A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a

judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. *See* 28 U.S.C. § 1391(a).

Neither party disputes that Plaintiff could have brought this action in the Key West Division of the Southern District of Florida because the acts in Plaintiff's complaint took place in Monroe County. In other words, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Key West Division – not Miami. Therefore, this case could have been filed in the Key West Division because: (1) subject matter jurisdiction is proper based on a federal question (this is a FLSA case), (2) venue is proper under 28 U.S.C. § 1391(b)(2) as the Key West District is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," and (3) Defendants are amenable to process in that court. We will therefore consider the nine factors enumerated above to determine whether this case should be transferred.[2]

### B.  *The 1404(a) Factors Support Transfer*

Before we consider the nine factors to determine if transfer to a more convenient forum is justified, we note that Plaintiff only presented two reasons in

---

[2] "If, *arguendo,* the Miami-Dade and Key West were separate districts, as opposed to separate divisions, Plaintiff would not be able to bring the action in Miami-Dade." *Bartolon-Perez v. Island Granite & Stone, Inc.*, 2014 WL 12513973, at *3 (S.D. Fla. Aug. 25, 2014).

support of his position that this case should be litigated in this forum. Plaintiff argues that this case should remain in the Miami Division because (1) Defendants will suffer no prejudice if this case is litigated here, and (2) this is where he filed his complaint. Therefore, Plaintiff concludes that Defendants' motion to transfer should be denied and that this case should proceed in the Southern District of Florida.

The most glaring problem with Plaintiff's opposition to transfer is that he does not discuss in any meaningful way the nine factors that courts consider when determining whether a case should be transferred. Putting aside that problem, Plaintiff's contention – that this case should not be transferred because it was filed in Miami – ignores the fact that a plaintiff's forum is only one of nine factors that courts examine when determining whether transfer is proper under section 1404. Another noticeable shortcoming is that Plaintiff makes no attempt to draw a connection between this lawsuit and the Miami Division.[3] Plaintiff has therefore failed to present any persuasive reason on why this case should not be transferred. In any event, we will consider the nine factors enumerated above to determine whether this case should be transferred.

### C. *Convenience of the Witnesses*

Beginning with the first factor, courts have recognized that, aside from a plaintiff's choice of forum, "[t]he most important factor in passing on a motion to

---

[3] The reason Plaintiff may be unable to draw a connection to Miami is because all the acts or omissions giving rise to his claims in his complaint took place in the Key West Division.

7

transfer under § 1404(a) is the convenience of the witnesses." *Insuracorp, Inc. v. American Fidelity Assur. Co.,* 914 F. Supp. 504, 506 (M.D. Ala. 1996); *see also Lasalle Bank N.A. v. Mobile Hotel Properties, LLC*, 274 F. Supp. 2d 1293, 1302 (S.D. Ala. 2003). "When weighing the convenience of the witnesses, 'a court does not merely tally the number of witnesses who reside in the current forum in comparison to the number located in the proposed transferee forum. Instead, the court must qualitatively evaluate the materiality of the testimony that the witness may provide.'" *Fuji Photo Film Co. v. Lexar Media, Inc.,* 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006) (quoting *Herbert Ltd. P'ship v. Elec. Arts, Inc.,* 325 F. Supp. 2d 282, 286 (S.D.N.Y. 2004)).

The first factor favors transfer because Defendants claim (and Plaintiff does not dispute) that all foreseeable witnesses either live and/or work in Key West or Marathon. If this case remained in Miami, it would be inconvenient to require each witness to travel to this jurisdiction – which is approximately 100 miles away from the Key West District – when the case could simply be transferred. Therefore, the first factor favors transfer.

### D.     *Location of Relevant Documents and Sources of Proof*

The second factor also favors transfer because the relevant documents and sources of proof are in the Key West Division. This includes Defendants' payroll records and other documents related to Plaintiff's job responsibilities at the Hotel, including the terms and conditions of Plaintiff's employment. *See, e.g.*, *Bartolon-Perez*, 2014 WL 12513973, at *3 ("The second factor strongly favors transferring the

8

case to the Key West Division because all of Defendants' records, including payroll information, are kept in Marathon, Florida, which is 100 miles from Miami-Dade County."). Plaintiff does not dispute this contention in opposition to Defendants' motion to transfer. Therefore, we conclude that the second factor favors transfer.

### E. *Convenience of the Parties*

As for the third factor, a transfer of this case would be more convenient because Defendants (and it appears that Plaintiff as well[4]) are all located in the Key West Division. This means, that if we transfer this case, both parties will have greater access to resources to litigate this case. As such, the third factor favors transfer.

### F. *Locus of Operative Facts*

The fourth factor favors transfer because Defendants and the facts underlying Plaintiff's claim occurred in the Key West Division (and Plaintiff does dispute Defendants' contention). Plaintiff performed all of his work-related obligations on the Hotel's property in Marathon, and all payments to Plaintiff were made there as well. Accordingly, the fourth factor favors transfer.

### G. *Availability of Process to Compel the Attendance of Unwilling Witnesses*

"Discovery is not an important consideration under this factor because the parties can choose a place of compliance to accord to the terms of the Federal Rule of Civil Procedure 45, which governs subpoenas. However, availability of process to

---

[4] Defendants claim that Plaintiff used a Marathon mailing address during his employment at the Hotel.

9

compel attendance at trial should be examined." *Osgood v. Disc. Auto Parts, LLC*, 981 F. Supp. 2d 1259, 1265 (S.D. Fla. 2013). Defendants suggests that this factor favors transfer because any likely witnesses who reside in Key West or Marathon may be beyond the reach of compulsory process and that it would be more convenient for the United States Marshal to compel the appearance of anyone who refuses to attend these proceedings. *See, e.g.*, *Bartolon-Perez*, 2014 WL 12513973, at *3 ("Defendant correctly argues that any Marathon witnesses would be beyond the reach of compulsory process because courts are required to quash or modify subpoenas that require witnesses to travel more than 100 miles or subjects a person to an undue burden.") (citing Fed. R. Civ. P. 45(3)(a)).

Defendants' argument is well taken. Federal Rule of Civil Procedure 45(b)(2) provides in relevant part that "a subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed or regularly transacts business in person . . . ." Fed. R. Civ. P. 45. In this case, all foreseeable witnesses are in the Key West Division and it is certainly possible that not all witnesses are within 100 miles of this district and that the Court may lack the ability to compel these witnesses to appear. If we transferred this case, it would alleviate any concerns that the Key West Division would be able to compel the attendance of unwilling individuals. And although neither party believes that there are potential witnesses who may be unwilling to appear, we nevertheless find that this factor

10

favors transfer because all of the potential witnesses are located in the Key West Division. Accordingly, the fifth factor favors transfer.

### H. *Relative Means of the Parties*

The sixth factor favors transfer because the cost and inconvenience of transporting Defendants' witnesses to and from Marathon and Miami outweighs any convenience that Plaintiff's attorneys (who appear to be the only connection to Miami) may have in preparing for trial. If Defendants are required to litigate this action in Miami, it would unnecessarily increase the costs for witnesses and may cause Defendants to close their business for the day. Accordingly, this factor favors transfer because if this case proceeds to trial, both parties will benefit in conserving time and resources.

### I. *Forum's Familiarity with the Governing Law*

The seventh factor has a negligible impact on our analysis because both Divisions are familiar with FLSA cases since they present a federal question. We therefore cannot assume that one Division is more knowledgeable than another on questions of federal law. Accordingly, this factor is neutral.

### J. *Weight accorded to a Plaintiff's Choice of Forum*

A plaintiff's choice of forum is given considerable deference. *See Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 260 (11th Cir. 1996) (finding that plaintiffs choice of forum should not be disturbed unless it is clearly outweighed by other considerations). However, where the operative facts underlying the cause of action did not occur within the forum chosen by the plaintiff, the choice of forum is entitled

11

to less consideration. *See Windmere Corp. v. Remington Products, Inc.,* 617 F. Supp. 8, 10 (S.D. Fla. 1985); *Balloveras v. Purdue Pharma Co.,* 04–20360, 2004 WL 1202854, at *1 (S.D. Fla. 2004); *Amazon.com v. Cendant Corp.,* 404 F. Supp. 2d 1256, 1260 (W.D. Wash. 2005); *Hernandez v. Graebel Van Lines,* 761 F. Supp. 983, 987 (E.D.N.Y. 1991) ("[W]here the transactions or facts giving rise to the action have no material relation or significant connection to the plaintiff's chosen forum, then the plaintiff's choice is not accorded the same 'great weight' and is in fact given reduced significance").

Here, Plaintiff's decision to file this case in this district is given less deference because the facts underlying his claim occurred in the Key West Division. Indeed, the parties, documents, witnesses, and relevant information are all located in the Key West Division – not Miami. The only apparent connection to Miami is that Plaintiff's attorneys are located here but that alone is an insufficient reason to make it more inconvenient or expensive for Defendants to litigate in this forum. Accordingly, the eighth factor favors transfer.

### K.   *Trial Efficiency and the Interests of Justice*

The final factor weighs in favor of transfer because all of the witnesses and documents are located in the Key West Division and holding a trial in that district will be more efficient. "The Miami Division is [also] overburdened and lacks the resources to adjudicate a case that does not have any connection to it. And justice requires that actions proceed in the forum to which it is most connected, which is usually the Plaintiff's home forum." *Bartolon-Perez,* 2014 WL 12513973, at *4.

This conclusion is reinforced with the fact that neither Plaintiff nor the lawsuit has any connection to Miami and that eight of the nine factors favor transfer of this case with one of the factors as neutral.

Therefore, after balancing the factors enumerated above, we conclude that transfer to the Key West Division is appropriate under section 1404(a) and that Defendants' motion to transfer is **GRANTED**. *See, e.g.*, *Exceptional Mktg. Grp., Inc. v. Jones*, 2011 WL 6294756, at *2 (N.D. Ga. Dec. 15, 2011) (granting plaintiff's motion to transfer under § 1404); *Seaman v. Intellidyne, LLC*, 2011 WL 13234679, at *3 (N.D. Ga. Nov. 2, 2011) (same).

## IV.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants' motion to transfer [D.E. 19] is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of November, 2018.[5]

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[5]   It is well established that the undersigned Magistrate Judge has the authority, under 28 U.S.C. 636(b)(1)(A), to dispose of motions to transfer venue, as such a ruling has a non-dispositive effect on the litigation. *See, e.g.*, *McEvily v. Sunbeam-Oster Co.*, 878 F. Supp. 337, 340 (D.R.I. 1994); *see also O'Brien v. Goldstar Technology, Inc.*, 812 F. Supp. 383, 384 (W.D.N.Y. 1993). Under the Court's Local Rules and section 636(b), however, a party has the right to appeal a non-dispositive Order to the District Judge, who may then review any objections under a clearly erroneous standard, or if he chooses under a *de novo* standard. The undersigned will, therefore, not direct the Clerk to physically transfer the action to allow Plaintiff five (5) days to file at least a motion/notice that he intends to timely appeal this Order with the District Judge and seek a stay of this Order.